# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PRECIOUS I. WIGGINS,
        Appellant,

v.

DEPARTMENT OF HOMELAND
    SECURITY,
        Agency.

DOCKET NUMBER
NY-0752-17-0167-I-2

DATE: March 21, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Precious I. Wiggins</u>, Wallkill, New York, pro se.

<u>Beverlei E. Colston</u>, Irving, Texas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

In her initial decision, the administrative judge sustained the appellant's removal from her Deportation Officer position upon finding that she failed meet a required condition of employment when she failed to successfully complete the Basic Immigration Enforcement Training Program (basic training). In her petition for review, the appellant asserts that the removal action constituted retaliation for filing an equal employment opportunity (EEO) complaint. Petition for Review (PFR) File, Tab 2 at 1. She also may be attempting to argue on review that she was treated more harshly than employee B because of her sex. *Id*. at 4. However, the appellant did not raise any affirmative defenses before the administrative judge. Because the appellant has not shown that she previously was unaware of the basis for raising a claim of retaliation and discrimination, the Board will not consider her claims now. *Walker-King v. Department of Veterans Affairs*, 119 M.S.P.R. 414, ¶ 15 (2013); *Vazquez v. U.S. Postal Service*, 114 M.S.P.R. 264, ¶ 8 n.3 (2010).

The appellant also asserts that the deciding official offered her a reassignment to an Enforcement Removal Assistant (ERA) position, which was not a law enforcement position and did not require completion of basic training, but he withdrew the offer when he learned that the appellant had filed an EEO complaint. PFR File, Tab 2 at 1. There is no evidence to corroborate this

assertion. In fact, the deciding official testified without rebuttal at the hearing that the appellant, through her union representative, rejected the offer of reassignment on the basis that she intended to challenge her removal through the EEO process. Hearing Compact Disc (HCD) (testimony of the deciding official).

The appellant further asserts on review that the administrative judge erred by failing to consider all of the evidence of record, particularly that pertaining to her disparate penalty argument, and that this deprived her of a fair and impartial hearing. PFR File, Tab 2 at 3-4. The administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

The appellant also argues that other employees received better treatment than she did when they failed to pass the required training. PFR File, Tab 2 at 1-2. In *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 13, the Board found that, when analyzing disparate penalty claims, "[t]he universe of potential comparators . . . should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant." As to the appellant's allegation that the agency should have reassigned her to an ERA position, as it did with employee B, we find that, even assuming that the appellant and B are similarly situated for purposes of a disparate penalty claim, the agency treated them the same by offering ERA positions to both of them. The appellant also alleges that employee C was permitted a third attempt to pass basic training and she should have been afforded an additional attempt as well. PFR File, Tab 2 at 1. According to the hearing testimony of the Immigration and Customs Academy Director, however, employee C was afforded a third attempt pursuant to the terms of a settlement agreement. HCD (testimony of the Immigration and Customs Academy Director). Therefore, we find that employee C is not an appropriate comparator. .

Further, the appellant argues that, when she failed to complete the 1.5 mile run in 14:30 after her second attempt, her training was terminated and she was returned to her duty station to face eventual removal, whereas six peers from her training class who also finished the 1.5 mile run with times over 14:30 were permitted to remain at the Academy and complete training. PFR File, Tab 2 at 2. However, the Immigration and Customs Academy Director testified that the six identified employees were all on their first attempt and were only required to finish the 1.5 mile run in 16:30 to continue in basic training, whereas the appellant was on her second attempt and was required to complete the run in the faster time. HCD (testimony of the Immigration and Customs Academy Director); *Wiggins v. Department of Homeland Security*, MSPB Docket No. NY-0752-17-0167-I-2 (AF-2), Tab 8 at 130-31. Accordingly, because the appellant failed to meet the required time after two attempts, the agency's policy required it to terminate her training and initiate removal procedures. *Id.* at 131, 138. Thus, the appellant was not situated similarly to the six peers to whom she compares herself.[2]

The appellant further asserts that she entered into an October 13, 2015 employment contract with the agency under which terms she was not required to undergo "any additional training, medical and or [sic] fitness test." PFR File, Tab 2 at 2. Because the appellant stipulated that the successful completion of basic training was a requirement of her position, her argument that she was not required to complete basic training is without merit. AF-2, Tab 19 at 2 (Stipulations, ¶¶ 2-3); *see* 5 C.F.R. § 1201.63 (stating that a stipulation of fact satisfies a party's burden of proving the fact alleged).

Finally, the appellant contends that, because she was initially hired as an Immigration Enforcement Agent (IEA) and then promoted into a Deportation

---

[2] The appellant also suggests that she "was held to the Immigration Enforcement Agent standard that was obsolete," but this is not true. PFR File, Tab 2 at 2. Both positions required completion of the same basic training program, for which the physical abilities standards had been in place since 2006. AF-2, Tab 8 at 129.

Officer position when the agency began abolishing the IEA career path, she should have been afforded two attempts as an IEA and then two further attempts as a Deportation Officer, for a total of four attempts to pass basic training.  PFR File, Tab 2 at 1-2.  She has identified no provision in the agency policy that would have permitted this.

Accordingly, the initial decision is affirmed.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

9

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando

Gina K. Grippando
Clerk of the Board

Washington, D.C.